THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-mc-00013-MR-WCM

| | | |
|---|---|---|
| IN RE: D.J.M. | ) | |
| | ) | |
| RONALD D. METCALF and | ) | **O R D E R** |
| CLAUDIA METCALF, | ) | |
| | ) | |
| Petitioners. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Petitioner Ronald D. Metcalf's Response to the Court's Show Cause Order [Doc. 4] and Motion to Recuse [Doc. 5].

On April 5, 2022, the Court entered an Order dismissing this action as frivolous and directing the Petitioners to show cause why a pre-filing review system should not be imposed. [Doc. 3]. The Petitioner Ronald D. Metcalf[1] filed a Response to the Show Cause Order, arguing that he is entitled to a review by this Court of the state court proceedings regarding his disabled son. [See Doc. 4]. The Petitioner further moves for the undersigned to recuse himself from further consideration of this case. [Doc. 5].

A motion for recusal should be granted only if the judge's "impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). Adverse judicial

---

[1] The Petitioner Claudia Metcalf has not responded to the Court's Show Cause Order.

rulings alone, however, "almost never constitute a valid basis for a bias or partiality motion."  United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).  Furthermore, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.

Here, the Petitioner asserts that recusal is required because the undersigned "has made several bad calls" in this case, particularly with respect to the application of the Rooker-Feldman doctrine to this matter. [Doc. 5 at 5].  While the Petitioner clearly disagrees with the Court's legal analysis, the Petitioner's dissatisfaction with the Court's prior rulings is not a sufficient basis for recusal.  The Petitioner simply has not articulated any basis to find that the undersigned's impartiality might reasonably be questioned.  Accordingly, the motion for recusal is denied.

As for the Petitioner's Response to the Show Cause Order, the Petitioner has failed to articulate any cogent reason why a pre-filing review system should not be imposed.  For this reason, and for all of the reasons set forth in the Court's prior Order [Doc. 3], the Court will direct that all

documents submitted in the future by either the Petitioners Ronald D. Metcalf and Claudia Metcalf, or both, will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Petitioners without further explanation. Such a review system "will allow [the Metcalfs] to have access to the Courts for [their] legitimate concerns, but will prevent [them] from usurping the Court's resources with [their] baseless submissions." Vandyke v. Francis, No. 1:12-CV-128-RJC, 2012 WL 2576747, at *3 (W.D.N.C. July 3, 2012).

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Recuse [Doc. 5] is **DENIED**.

**IT IS FURTHER ORDERED** that a pre-filing review system is hereby imposed, and all documents submitted in the future by either Ronald D. Metcalf, Claudia Metcalf, or both, whether in this case or in any other action filed in this District, will be pre-screened by the Court for content. Any proposed filings that are not made in good faith or which lack substance or merit will be returned to the Petitioners without further explanation.

**IT IS SO ORDERED.**

Signed: April 21, 2022

Martin Reidinger
Chief United States District Judge

3